UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

REV. ALONZO D. MALONE, JR.                                                                    Plaintiff,

v.                                                                       Civil Action No. 3:16-cv-542-DJH

OFC. LAWRENCE *et al.*,                                                                       Defendants.

\* \* \* \* \*

## MEMORANDUM OPNINION

Plaintiff Rev. Alonzo D. Malone, Jr., proceeding *in forma pauperis*, initiated this *pro se* action on his own paper alleging claims against an officer, the "Roby Rex VA Medical Center," the "U.S. Police Department," and Unknown Defendants concerning events which occurred while Plaintiff was a patient at the U.S. Department of Veterans Affairs Medical Center in Louisville, Kentucky. Plaintiff did not file his complaint on a Court-approved form or tender summons forms for Defendants. Therefore, the Court entered an Order on September 15, 2016, directing Plaintiff to re-file his complaint on the Court's civil complaint form and to prepare a summons to be served upon each Defendant within 30 days. The Order further warned Plaintiff that failure to comply fully with the Order within 30 days may result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:    Plaintiff, *pro se*
       Defendants
4415.010